﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200125-58776
DATE: December 31, 2020

ORDER

Entitlement to service connection for a right knee condition, to include knee strain, tendonitis, and osteoarthritis, is granted.

Entitlement to service connection for a left knee condition, to include knee strain, tendonitis, and osteoarthritis, is granted.

FINDING OF FACT

The probative evidence of record demonstrates that the Veteran’s bilateral knee conditions are etiologically related to parachute jumps during service.

CONCLUSIONS OF LAW

1. The criteria for service connection for a right knee condition are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for a left knee condition are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served in the Army from September 2008 to February 2013.

A January 2020 rating decision reconsidered the Veteran’s bilateral knee claims but denied service connection. In January 2020, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal and elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for a right knee condition; and,

2. Entitlement to service connection for a left knee condition

The Veteran contends that his bilateral knees were injured as a result of parachute jumps during service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The January 2020 rating decision on appeal made the following favorable findings: receipt of a parachutist badge; evidence shows that a qualifying event, injury, or disease had its onset during service; and diagnoses of bilateral knee strain, bilateral knee tendonitis, and bilateral knee osteoarthritis. Thus, the first two elements of service connection, a current diagnosis and an in-service event, have been met. Id.

Turning to whether a nexus exists, the January 2020 rating decision discounted a private medical opinion submitted by Dr. T.G. because she did not review the medical file and the rating decision found that the other evidence to be more probative, namely evidence indicating normal left knee pathology and a right knee ACL tear that occurred after service. However, the rating decision also made the favorable finding that the diagnoses rendered by Dr. T.G. were supported. Thus, the Board will not discount the opinion by Dr. T.G. because she did not review the medical record to determine the diagnoses. However, the Board notes that it appears that Dr. T.G. performed an in-person examination and thus could have diagnosed the Veteran based on that examination. 

Turning to whether a nexus exists, Dr. T.G. stated that the Veteran’s knees were directly related to parachute jumping during service: “repetitive pounding from jumping causes wear and tear to the cartilage of the knees” and “pains are a direct result of jumping.” The Board gives the opinion of Dr. T.G. great probative weight because she has the medical expertise to make such determinations. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

The January 2020 rating decision found that the Veteran injured his right ACL in a basketball game after service. While that may be true, an ACL tear is separate diagnosis from his other knee conditions. Further, the Veteran applied for service connection for his knees a little more than a year after service indicating that he had knee pain prior to the ACL tear.

Thus, the weight of the evidence is for the claim for service connection for a bilateral knee condition. Accordingly, the claim is granted. 

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. M. Hitchcock

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.